PER CURIAM.
This appeal reflects procedural problems. Despite the fact this court earlier denied a motion to dismiss, we now determine that we do not have jurisdiction and do therefore, dismiss the appeal and cross appeal.
Shortly sketching, following a non-jury trial, the trial court orally announced a tentative, conditional ruling and required the future submission of an exhibit. No written final order or judgment has ever been entered or rendered. Sixty-two days after the oral announcement appellees moved for a new trial. It was granted and the trial court, in effect, reopened the case and required that additional parties be served and that other things be done. At this juncture we do not know what final decision the trial court will make — whether for or against the appellants.
This plenary appeal is addressed to the order granting a new trial. The cross appeal is addressed to the oral announcement.
We hold that, absent the entry of a written final order or judgment, the judicial labor in the lower tribunal has not been completed and, therefore, this court lacks jurisdiction. We further hold that the motion for new trial was ineffective, at least *996 until such time as a final order or judgment is entered. See City of Miami Beach v. State ex rel. Pickin’ Chicken of Lincoln Road, Inc., 129 So.2d 696 (Fla. 3d DCA 1961); Giffen Industries, Inc. v. Duncan Plastering Co., 137 So.2d 6 (Fla. 3d DCA 1962); Southern Laundry Co. of Marianna, Inc. v. Home Ins. Co., 190 So.2d 39 (Fla. 1st DCA 1966) and SCI, Inc. v. Aneco Co., 410 So.2d 531 (Fla. 2d DCA 1982).
Dismissed.
LETTS, C.J., and HERSEY and WALDEN, JJ., concur.