FLEET, J. LEONARD, Associate Judge.
*1111 IDENTIFICATION OF PARTIES
Appellants, Phares and Carter, were Defendants below. Appellees, Cowles, were Plaintiffs below.
The parties to this appeal will be referred to herein according to their identification below.
HISTORY AND FACTS OF CASE
In October, 1973, Defendant Phares purchased a tract of land abutting Eleven Mile Road in St. Lucie County. The southern edge of the purchased land ran east from Eleven Mile Road a distance of approximately 1312 feet. About six weeks later, in December, 1973, from a different grantee, Plaintiff Cowles purchased a tract of land abutting the entire eastern border of the property owned by Defendant Phares. In 1978, Defendant Phares sold to Defendant Carter a piece of land having a width on its southern border of about 168 feet and, on its eastern border, a width that extended the length of Defendant Phares’ property.
As a result of these three real estate transactions, the juxtaposition of the various properties now under consideration is as set out by the map below:
NORTH LOCATED AT TOP OF MAP
[[Image here]]
Plaintiffs, in February, 1980, brought suit against both defendants for the purpose of establishing a public road across the southern sixty feet of their property in order that plaintiff would have access to Eleven Mile Road. Plaintiff sought the relief requested pursuant to section 704.-01(2), Florida Statutes, alleging a way of necessity should be recognized by the court below.
On July 14, 1981, the trial judge entered an order denying the Defendants’ Motion to Dismiss Plaintiff’s Second Amended Complaint stating, in relevant part:
That upon the attorney for Plaintiffs announcing that he was only claiming that a public road existed and that he was not basing this claim on a private or prescriptive easement as there was no adversity or hostility as to the use of the roadway, nor was the use by the Plaintiff or his successors inconsistent with the Defendants or their successors use of said private road. That based on said pro *1112 nouncement, the Court denies the Motion to Dismiss as to Count II.
Upon the conclusion of a non-jury trial, the court below made known, orally, its decision to declare the establishment of a public road across the property of the Defendant Phares, only. Because the trial judge desired that a survey be furnished clearly delineating the parameters of the road in question, the entry of a written final judgment was deferred until the receipt thereof. When the survey was furnished to the trial court it became known for the first time that the roadway sought by plaintiffs to be established actually traversed lands of persons not made parties to the instant suit. Once it was realized that indispensable parties had not been joined, Defendant Phares moved the court for a new trial, which motion was granted over the objection of plaintiff. The written order granting the new trial was entered on February 15, 1982.
Cowles, understandably, took issue with the grant of the new trial and, on March 11, 1982, pursued an appeal to this court to which appeal Defendant Phares responded with a cross appeal and a request that the appeal of plaintiffs be dismissed as being premature, there being no final judgment from which an appeal could be taken. This court, on May 11, 1983, granted the Motion to Dismiss thereby terminating all appellate proceedings then pending. 430 So.2d 995. When returned to the trial court, the necessary parties were joined in the litigation and the trial judge entered, on February 1,1984, a written order finding a public road over and upon property owned by Defendant Phares. By order dated February 23, 1984, an order taxing costs against Defendant Phares was entered by the court below.
Defendants, by timely filed notices of appeal, seek review of both the order declaring a public road to exist and of the order taxing costs against them in reference to the first appeal. These appeals were consolidated for disposition.
ANALYSIS OF LAW AND RULINGS OF THIS COURT
The learned judge below entered his order declaring and establishing a public road by prescription. Such a ruling requires that the following elements have been found to exist:
(1) that the public had a continuous and uninterrupted use and enjoyment of the lands in question as a road for at least 20 years, and
(2) that the road in question have an ascertainable termini and width, and
(3) that the use by the public of the land in question was adverse to the claim of the landowner or under a claim of right adverse to the interest of the landowner.
Appellee, on page five at footnote 2 of his Answer Brief, candidly admits that the court below was in error when it ruled that an easement by prescription did not require the establishment of adversity. The law cited by appellee and appellant on this very vital point are identical, i.e. Downing v. Bird, 100 So.2d 57 (Fla.1958), and Couture v. Dade County, 112 So. 75 (Fla.1927). Taking into account the concession of the appellee, coupled with the status of the record on appeal, this court is of the opinion that the court below is in error and must be reversed. Downing v. Bird, supra.
Appellee’s assertion that the result reached by the court below is correct for reason that the record establishes a statutory way of necessity as contemplated by section 704.01(2), Florida Statutes, is without merit. It is not our ruling that a statutory way of necessity could not be established, rather we are saying only that the record, in its present posture, does not now permit such a finding by this court. The determination of whether there is an entitlement of a statutory way of necessity should be presented to the court below upon proper pleadings filed by Appellee Cowles with all proper parties being joined in any such action.
*1113 The court below did not abuse its discretion when each of the parties hereto were directed to bear one-half of the costs of the first appeal by them to this court. The appeal by Cowles and the cross appeal by Phares were both dismissed, thus placing the parties in a position wherein neither of them could be said to have qualified as a “prevailing party.” In the absence of an ability to identify with a relative degree of certainty just who the prevailing party might be, it would be inappropriate to assess costs. Rogers v. Board of Medical Examiners, 364 So.2d 1239 (Fla. 1st DCA 1978). There being no demonstration of abuse of discretion, the judgment below in reference to the division of costs is affirmed. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
Affirmed in part, reversed in part, and remanded for further proceedings not inconsistent herewith.
HERSEY and WALDEN, JJ., concur.