PER CURIAM.
Dolores James, the mother, appeals from an order denying her Motion for Contempt and Other Relief. We affirm the denial of the motion, but remand for further proceedings consistent with this opinion.
The parties were divorced in 1976. The final judgment dissolving marriage incorporated the parties’ property settlement agreement. The final judgment stated that the father, Russell W. James, would have permanent custody of the parties’ minor child, Kristy Ann James, who was approximately six years old at the time. The property settlement agreement provided, in part, as follows: “Husband agrees to assume full responsibility for support of KRISTY ANN through college or until she is emancipated whichever first occurs.”
Kristy resided with her father until 1985 when she moved in with her mother. In August 1988, Kristy left Miami to attend college. At that time, the parties worked out a budget agreeing to split Kristy’s expenses in half. Kristy graduated from college in December 1992.
On March 30, 1993, the mother filed a Motion for Contempt and Other Relief. She alleged, in part, that since 1985, when Kristy moved in with her, the father had not complied with the support provision of the settlement agreement. The trial court denied the mother’s motion for contempt.
Once a support order has been issued, a trial court may enforce child support obligations by equitable means such as contempt proceedings. Gibson v. Bennett, 561 So.2d 565, 567 (Fla.1990). In addition, a money judgment for child support obligations may also be enforced by contempt proceedings. Gibson, 561 So.2d at 569. In the instant case, the trial court failed to make a determination, in accordance with the settlement agreement, as to the amount owed by the father. Therefore, the trial court did not enter either a support order or a money judgment for child support obligations. Accordingly, we affirm the denial of the mother’s motion for contempt, but remand for further proceedings.
On remand, the trial court, when determining the amount owed by the father, is free to reduce the mother’s claim by any amounts that the father has paid on Kristy’s behalf since the time when Kristy moved in with her mother. The record clearly demonstrates that the father continued to pay for many of Kristy’s expenses, even though she had moved in with her mother in 1985. In addition, Kristy also stated in an affidavit that while she was in her “mother’s care, my father continued to support me by paying expenses” and that “I do not agree with my mother’s suit against my father. My father has always supported me.”
Accordingly, we affirm the denial of the mother’s motion for contempt, but remand for further proceedings consistent with this opinion.