PER CURIAM.
In this post-dissolution proceeding, the former husband appeals from an order denying his motion to set aside a cost judgment entered in favor of the former wife, relating to appellate proceedings in this court. For the following reasons, we reverse.
In the wife’s prior appeal, this court affirmed the trial court’s denial of her motion for contempt for the husband’s alleged failure to pay child support. This court then remanded the cause for further proceedings to determine what sums, if any, the wife was entitled to recover. James v. James, 648 So.2d 287 (Fla. 3d DCA 1995). This court then denied both parties’ motions for appellate attorney’s fees and the husband’s motion for costs.
After the mandate issued, the wife’s counsel filed a motion in the trial court captioned “Motion to Enforce Mandate,” and represented that the wife had “successfully prosecuted an appeal from the final judgment in this cause.” The motion also listed the costs that the wife had expended on the appeal. The trial court found that the wife had sue- *684 cessfully prosecuted an appeal, and awarded her $1,292.00 in appellate costs.
The trial court abused its discretion in awarding the wife costs relating to the prior appeal, as the wife was not clearly the prevailing party. See Fla. R.App. P. 9.400; Phares v. Cowles, 459 So.2d 1110, 1113 (Fla. 4th DCA 1984) (“In the absence of an ability to identify with a relative degree of certainty just who the prevailing party might be, it would be inappropriate to assess costs.”).
Reversed.