410 So.2d 531 (1982)
SCI, INC., Appellant,
v.
ANECO COMPANY, Appellee.
Nos. 81-1227, 81-1335.
District Court of Appeal of Florida, Second District.
January 27, 1982.
On Rehearing March 3, 1982.
Henry P. Trawick, Jr., of Trawick & Griffis, P.A., Sarasota, for appellant.
Robinson, MacPherson, Harper, Kynes & Batt, P.A., Clearwater, for appellee.
RYDER, Judge.
Appellant (SCI) seeks review of the trial court's order granting partial summary judgment to Aneco Company (ANECO). Because the request is untimely, we will not consider the issues raised either by certiorari or as a direct appeal.
The Florida Department of General Services (DGS) initially sued ANECO, SCI and others, asserting claims for breach of a construction contract and for defective products. SCI was the general contractor and ANECO the electrical subcontractor for construction of the business administration building of the University of South Florida. ANECO's separate suit against SCI was consolidated with the DGS action, in which ANECO cross-claimed against materialmen. In ANECO's amended complaint two counts *532 were directed against SCI. The first count contained a demand for funds retained under its subcontract with SCI; the second count was for delay and disruption damages allegedly caused by SCI under the same subcontract. The court below entered a partial summary judgment awarding the retained funds sought in the first count to ANECO.
SCI now asks this court to specify the proper method of appellate review and to quash the partial summary judgment below. Its contention is that the trial court's award prejudicially affected it by liquidating the disputed funds without fully determining the possibility of remaining damages or set-off. Appellant suggests that the partial summary judgment on one count is in form and effect a final judgment which cannot be appealed after the complete dispute between the parties is resolved. We disagree.
SCI is premature in challenging this partial summary judgment by direct appeal. It is well settled in Florida that piecemeal appeals will not be permitted where claims are interrelated, involve the same transaction, and the same parties remain in the lawsuit. S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla. 1974). Under most circumstances, a dismissal of one or more, but not all counts, of a multicount complaint is not a final judgment or order from which a full appeal can be taken. Venezia A., Inc. v. Askew, 314 So.2d 254 (Fla. 1st DCA 1975), cert. denied, 333 So.2d 465 (Fla. 1976). The test to be used by appellate courts in determining finality of an order, judgment or decree is whether there has been an end to the judicial labor below and nothing further remains to be done to terminate the dispute between the parties directly affected. S.L.T. Warehouse Co. v. Webb, supra.
In McClain Construction Corp. v. Roberts, 351 So.2d 399 (Fla.2d DCA 1977), a very similar factual situation was involved; both counts of the complaint sought compensation in regard to work performed on the same building project. We found that because both counts involved the same factual situation and were clearly interrelated, the trial court's summary judgment was not a final and appealable order.
In the instant case, there is only one factual situation involved, the trial court has not fully determined the disputed issue between these parties and appellate review is improper.
The appeal and petition for a writ of certiorari are DENIED.
SCHEB, C.J., and DANAHY, J., concur.

ON MOTION FOR REHEARING
PER CURIAM.
Appellant has drawn this court's attention to the effect of the particular form of the partial summary judgment entered herein. It appears the effect of same allows execution upon appellant's property before final judgment. Therefore, execution pursuant to the final summary judgment is hereby stayed until all claims pleaded in the action between the parties have been brought to final judgment.
SCHEB, A.C.J., and RYDER and DANAHY, JJ., concur.