913 So.2d 1292 (2005)
Gerard McHALE, Jr., Appellant,
v.
Jack GROBOWSKY, Tropical Properties, Ltd., and Club Baha, Ltd., Appellees.
No. 2D04-2360.
District Court of Appeal of Florida, Second District.
November 23, 2005.
William B. Taylor, IV, and Patrick T. Lennon of Macfarlane Ferguson & McMullen, Tampa, for Appellant.
Jerome Shevin, Coral Gables, for Appellees.
NORTHCUTT, Judge.
Gerard McHale, Jr., appeals two orders. The first, which denied his motion to amend his complaint, is a nonfinal order and is not appealable. See Fla. R.App. P. 9.130. For this reason, we dismiss the appeal insofar as it pertains to this order. McHale also appeals a partial final judgment awarding $114,937.62 in attorney's fees to Jack Grobowsky, Tropical Properties, Ltd., and Club Baha, Ltd. This order allows for immediate execution, and therefore it is final and appealable even though the case remains pending below. See Hastings v. Osius, 104 So.2d 21 (Fla.1958); Haas v. Roe, 696 So.2d 1254 (Fla. 2d DCA 1997). As to this order, we reverse.
The circuit court found that the appellees were entitled to fees based on an offer of judgment pursuant to section 768.79, Florida Statutes (1987), and the parties stipulated to the reasonableness of the fees claimed. However, the underlying basis for the award, the offer of judgment, was invalid because it contained a condition that required the participation of a nonparty. See Bush Leasing, Inc. v. Gallo, 634 So.2d 737, 741-42 (Fla. 1st DCA 1994); see also McMullen Oil Co. v. ISS Int'l Serv. Sys., Inc., 698 So.2d 372 (Fla. 2d DCA 1997), superseded by rule as stated in Gulf Coast Transp. Inc. v. Padron, 782 So.2d 464 (Fla. 2d DCA 2001). Accordingly, we reverse the partial final judgment awarding *1293 attorney's fees to Grobowsky, Tropical Properties, and Club Baha.
Dismissed in part; reversed in part.
ALTENBERND and CASANUEVA, JJ., Concur.