994 So.2d 1218 (2008)
Nadine L. KNOWLES, Appellant,
v.
JPMORGAN CHASE BANK, N.A., as Trustee for C-Bass Mortgage Loan Asset-Backed Certificates, Series 2006-CB3, Appellee.
No. 2D07-5873.
District Court of Appeal of Florida, Second District.
November 14, 2008.
Nadine L. Knowles, pro se.
Forrest G. McSurdy of Stern & McSurdy, P.A., and Law Offices of David J. Stern, P.A., Plantation, for Appellee.
WALLACE, Judge.
Nadine L. Knowles appeals the circuit court's summary final judgment of foreclosure in favor of JPMorgan Chase Bank, N.A., as Trustee (the Bank). Because the circuit court was unaware that Ms. Knowles had submitted a previously omitted counter-affidavit with her motion for rehearing of the foreclosure judgment, we reverse and remand for the circuit court to reconsider Ms. Knowles' motion for rehearing.

THE PROCEEDINGS IN THE CIRCUIT COURT
The Bank sought foreclosure of a mortgage on Ms. Knowles' home in Pasco *1219 County. In its complaint, the Bank alleged that Ms. Knowles had defaulted "under the terms of the note and mortgage for the OCTOBER 01, 2006 payment and all payments due thereafter." Ms. Knowles, who represented herself throughout the proceedings, filed an answer denying the allegation that she was in default. Ms. Knowles alleged further that she had made all of her payments in accordance with the note and mortgage. Ms. Knowles supported her contentions by attaching to her answer copies of her checks paid to the Bank's servicing agent and additional records reflecting the receipt of the payments.
The Bank filed a motion for summary judgment with supporting affidavits, and Ms. Knowles filed a response. In her response, Ms. Knowles asserted that the question of whether she had defaulted on the note and mortgage was a disputed issue of material fact that could not be resolved on summary judgment. Ms. Knowles attached to her response voluminous records in support of her claim that she had paid the note and mortgage in accordance with the terms of the documents. However, the response was not sworn, and Ms. Knowles did not file any opposing affidavits.
Ms. Knowles attended the hearing on the Bank's motion for summary judgment. At the hearing, the circuit court informed Ms. Knowles that it was required to enter the summary final judgment of foreclosure against her because she had failed to file any opposing affidavits. The circuit court entered the summary final judgment of foreclosure on November 6, 2007.
Ms. Knowles timely filed a motion for rehearing. The motion for rehearing included a counter-affidavit from Ms. Knowles in support of her claim that she was not in default. Ms. Knowles attached her payment records to the affidavit. In the affidavit, she certified "that the exhibits attached hereto are either originals or true and correct copies."
On November 26, 2007, the circuit court held a hearing on the motion for rehearing. Ms. Knowles and an attorney representing the Bank were both present at the hearing. The transcript of the hearing reflects that the circuit court did not know that Ms. Knowles had corrected the deficiency in her earlier response to the summary judgment motion by submitting an opposing affidavit in support of her claims. Unaware of the recently filed counter-affidavit, the circuit court denied Ms. Knowles' motion for rehearing. This appeal followed.

THE STANDARD OF REVIEW
The standard of review for an order granting a motion for summary judgment is de novo and requires a two-pronged analysis. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Summary judgment is proper only if (1) no genuine issue of material fact exists, viewing every possible inference in favor of the party against whom summary judgment has been entered, Huntington Nat'l Bank v. Merrill Lynch Credit Corp., 779 So.2d 396, 398 (Fla. 2d DCA 2000), and (2) the moving party is entitled to a judgment as a matter of law, Aberdeen at Ormond Beach, 760 So.2d at 130. "If the record reflects the existence of any genuine issue of material fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper." Holland v. Verheul, 583 So.2d 788, 789 (Fla. 2d DCA 1991).

DISCUSSION
A trial court has the discretion to refuse to consider a counter-affidavit presented for the first time on a motion for rehearing of a summary judgment as being *1220 too late. See Coffman Realty, Inc. v. Tosohatchee Game Preserve, Inc., 413 So.2d 1 (Fla.1982), approving 381 So.2d 1164, 1167 (Fla. 5th DCA 1980); Pangilinan v. Broward County, 914 So.2d 1094, 1097 (Fla. 4th DCA 2005) (en banc). However, a trial court also "has broad discretion to grant a rehearing of a summary judgment when the party seeking rehearing submits matters that would have created an issue precluding summary judgment if they had been raised prior to the hearing on the motion." Fatherly v. Cal. Fed. Bank, FSB, 703 So.2d 1101, 1102 (Fla. 2d DCA 1997).
Here, the affidavit that Ms. Knowles filed with her motion for rehearing would have defeated the Bank's summary judgment motion if it had been timely filed. At the hearing on the Bank's motion, the circuit court explained to Ms. Knowles that it could not consider her documentary evidence because it was not supported by an affidavit. Ms. Knowles corrected this omission in her motion for rehearing, but the circuit court was unaware of this important change in the posture of the matter before it at the hearing on Ms. Knowles' motion. Thus the circuit court never had an occasion to consider the late-filed affidavit. Under these circumstances, we reverse the summary final judgment of foreclosure and remand this case for the circuit court to revisit the motion for rehearing and to exercise its reasoned discretion relative to the consideration of Ms. Knowles' counter-affidavit.
Reversed and remanded for further proceedings.
NORTHCUTT, C.J., and STRINGER, J., Concur.