FULMER, Judge.
 

 Allan M. Roth appeals from a final judgment of foreclosure. The judgment granted Pamela G. Roth’s motion for final summary judgment. Because there were disputed issues of material fact that precluded entry of a final summary judgment, we reverse.
 

 
 *766
 
 The promissory note and mortgage at issue arose from the dissolution of the marriage of Allan and Pamela Roth. As part of the equitable distribution scheme, Allan was ordered to sign a promissory note for $295,379 in favor of Pamela and to secure the note with a mortgage on Allan’s nonmarital residence. Allan appealed the final judgment of dissolution of marriage and, on January 9, 2008, this court reversed the final judgment with respect to the equitable distribution and remanded for further proceedings.
 
 See Roth v. Roth,
 
 973 So.2d 580 (Fla. 2d DCA 2008). This court stated that “there appears to be no basis upon which the trial court could impose an equitable lien on the Husband’s nonmarital homestead for the amount of the equitable distribution award in excess of the Wife’s marital interest in that homestead.”
 
 Id.
 
 at 587.
 

 While the appeal from the dissolution action was pending, Bank of America filed a complaint to foreclose on the first mortgage on the residence. Pamela answered the Bank of America complaint and filed a cross-claim against Allan to foreclose the mortgage she obtained in the dissolution action. Pamela filed a motion for summary judgment on her cross-claim. The circuit court rendered its final summary judgment of foreclosure as to Pamela’s cross-claim in April 2007.
 

 On appeal, Allan argues that because the equitable distribution award has been vacated, this court must reverse the final judgment of foreclosure with directions to the trial court to enter judgment on Pamela’s cross-claim in favor of Allan. His arguments are premised on grounds of res judicata or collateral estoppel. In the alternative, he argues that summary judgment was improperly granted where there were disputed issues of material fact presented to the trial court through the affidavits he filed before the hearing on the motion for summary judgment.
 

 We review an order granting a motion for summary judgment de novo.
 
 Knowles v. JPMorgan Chase Bank, N.A.,
 
 994 So.2d 1218, 1219 (Fla. 2d DCA 2008). Summary judgment is improper if the record reflects any genuine issue of material fact.
 
 Id.
 

 At the time of the hearing on Pamela’s motion for summary judgment, the fact that an appeal was pending in the dissolution case, in and of itself, did not create an issue of fact in the summary judgment proceeding as to the validity of the note and mortgage. However, the transcript of the summary judgment hearing reflects that the trial court overlooked the affidavits filed by Allan. In particular, the transcript does not reflect that the trial court considered the affidavit of Timothy W. Weber, which called into question the validity of the note and mortgage.
 

 We therefore reverse the Uniform Final Judgment of Foreclosure because we find merit in Allan’s alternative argument that the trial court erroneously concluded that there were no disputed issues of material fact. Because the issues raised in the cross-claim have been mooted by the outcome of the appeal in the dissolution case, there is no need for the trial court to reconsider the cross-claim. On remand, the trial court is instructed to dismiss Pamela’s cross-claim.
 

 Reversed and remanded.
 

 ALTENBERND and VILLANTI, JJ., Concur.