[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13510
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-00074-MW-CAS

WILLIAM F. T. LINCOLN,

Plaintiff-Appellant,

versus

FLORIDA GAS TRANSMISSION COMPANY LLC,
SOUTHERN UNION COMPANY,
US PIPELINE INC.,

Defendants-Appellees,

ROBERT O. BOND,
President Florida Gas Transmission Co. LLC Individual, Company
and Corporate Capacities, Individually and Severally, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 6, 2015)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

William Lincoln, proceeding *pro se,* appeals the district court's dismissal, for failure to state a claim, of his complaint against Florida Gas Transmission Company LLC ("Florida Gas") alleging Florida state law claims of intentional infliction of emotional distress and negligence. On appeal, Mr. Lincoln argues that the district court erred because he sufficiently alleged facts supporting all the elements of his claims. After careful consideration of the record and the parties' briefing, we affirm.

We review *de novo* a district court's dismissal for failure to state a claim and construe the factual allegations in the complaint in the light most favorable to the plaintiff. *Lord Abbett Mun. Income Fund, Inc. v. Tyson,* 671 F.3d 1203, 1206 (11th Cir. 2012) (citing *Mills v. Foremost Ins. Co.,* 511 F.3d 1300, 1303 (11th Cir. 2008)). Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (brackets omitted). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore,

2

be liberally construed." *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998) (citing *Fernandez v. United States,* 941 F.2d 1488, 1491 (11th Cir. 1991)).

Under Florida law, a claim for intentional infliction of emotional distress has four elements: (1) deliberate or reckless infliction of mental suffering, (2) outrageous conduct, (3) the conduct caused the emotional distress, and (4) the emotional distress was severe. *Thomas v. Hosp. Bd. of Dirs. of Lee Cnty.,* 41 So.3d 246, 256 (Fla. 2d Dist. Ct. App. 2010). To demonstrate that the defendant's infliction of mental suffering was deliberate or reckless, the plaintiff must show that the defendant's conduct was directed at the plaintiff. *See Baker v. Fitzgerald,* 573 So.2d 873, 873 (Fla. 3d Dist. Ct. App. 1990); *Habelow v. Travelers Ins. Co.,* 389 So.2d 218, 220 (Fla. 5th Dist. Ct. App. 1980). To demonstrate that the defendant engaged in outrageous conduct, the plaintiff must show that the defendant's actions were "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Metro. Life Ins. Co. v. McCarson,* 467 So.2d 277, 278-79 (Fla. 1985) (quoting Restatement (Second) of Torts § 46 (1965)). In evaluating whether conduct reaches this level, the court must make an objective determination, and the subjective response of the person suffering emotional distress does not control. *Liberty Mut. Ins. Co. v. Steadman,* 968 So.2d

3

592, 595 (Fla. 2d Dist. Ct. App. 2007).  Moreover, whether conduct is outrageous enough to support a claim of intentional infliction of emotional distress is a question of law.  *Id.*

Under Florida law, a cause of action based on negligence comprises four elements: (1) a duty, or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks; (2) a failure on the defendant's part to conform to the standard required, *i.e*., a breach of the duty; (3) a reasonably close causal connection between the conduct and the resulting injury (proximate cause and cause in fact); and (4) actual loss or damage.  *Clay Elec. Co-op., Inc. v. Johnson,* 873 So.2d 1182, 1185 (Fla. 2003) (citing Prosser and Keaton on the Law of Torts 164-65).  The determination of the existence of a duty is a matter of law and is not a factual question for the jury to decide.  *McCain v. Fla. Power Corp.,* 593 So.2d 500, 503 (Fla. 1992).  Generally, property owners may use their property in any reasonable and lawful manner, so long as their use does not constitute a nuisance.  *Reaver v. Martin Theatres of Fla.,* 52 So.2d 682, 683 (Fla. 1951).  Florida law does not recognize a specific duty to protect the value of an adjoining landowner's property.

Even when all of the elements of a negligence claim are established, a plaintiff's recovery for emotional harm is limited by Florida's impact rule.  *R.J. v. Humana of Fla., Inc.,* 652 So.2d 360, 362 (Fla. 1995).  According to the impact

rule, "before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries sustained in an impact." *Id.* (quoting *Reynolds v. State Farm Mut. Auto. Ins. Co.,* 611 So.2d 1294, 1296 (Fla. 4th Dist. Ct. App. 1992)).  A few narrow exceptions to the impact rule have been created, such as for intentional torts, certain "freestanding torts," and breaches of the duty of confidentiality as to the release of sensitive personal information.  *Fla. Dep't of Corrections v. Abril,* 969 So.2d 201, 206, 207 (Fla. 2007).

Federal safety standards for pipeline transportation and pipeline facilities are set out in the Natural Gas Pipeline and Safety Act.  49 U.S.C. § 60102.  The purpose of this Act is "to provide adequate protection against risks to life and property posed by pipeline transportation and pipeline facilities by improving the regulatory and enforcement authority of the Secretary of Transportation." *Id.* § 60102(a)(1).  The act provides a private right of action to seek an injunction for violations.  *Id.* § 60121(a)(1).  It does not restrict the right to relief under other laws or common law.  *Id.* § 60121(d).[1]

Mr. Lincoln failed to allege facts necessary to support his claims for intentional infliction of emotional distress and negligence.  As to intentional infliction of emotional distress, he failed to allege conduct sufficiently outrageous

---

[1] Mr. Lincoln does not assert a claim under § 60121(a)(1); he relies instead on § 60121(d).

5

and extreme to meet the second element of that tort, even assuming *arguendo* that he has met the other elements, such as the conduct being directed at him and causation. As to negligence, Mr. Lincoln failed to allege any facts giving rise to a duty on the part of Florida Gas to protect him from mental and emotional harm and property value loss, even if we assume the truth of his allegations that Florida Gas is in violation of state and federal safety statutes.  Moreover, he failed to allege any ruptures or leaks in the pipelines that would indicate any foreseeable risk of harm. And, because he has not satisfied Florida's impact rule, his allegations are insufficient to permit recovery for any of the harms he describes.  Accordingly, we affirm the dismissal of Mr. Lincoln's claims for intentional infliction of emotional distress and negligence.

**AFFIRMED.**