**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

PITT COUNTY, Individually and on
behalf of all others similarly
situated,

*Plaintiff-Appellant,*

v.

HOTELS.COM, L.P.; HOTELS.COM GP,
LLC; HOTWIRE, INC.; CHEAP
TICKETS, INC.; CENDANT TRAVEL
DISTRIBUTION SERVICES GROUP, INC.;
EXPEDIA, INCORPORATED;
INTERNETWORK PUBLISHING
CORPORATION, d/b/a Lodging.com;
LOWEST FARE.COM, INC.; ORBITZ,
INC.; ORBITZ, LLC; PRICELINE.COM,
INC.; TRAVELOCITY.COM, LP;
TRAVELWEB, LLC; TRAVELNOW.COM,
INC.; DOES, 1-1000, Inclusive,

          *Defendants-Appellees,*

          and

SITE59.COM; TRAVELOCITY.COM,
INC.; MAUPINTOUR HOLDING, LLC,

          *Defendants.*

No. 07-1900

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(4:06-cv-00030-BO)

Argued: October 30, 2008

Decided: January 14, 2009

Before MICHAEL and AGEE, Circuit Judges,
and Martin K. REIDINGER, United States District Judge
for the Western District of North Carolina,
sitting by designation.

---

Affirmed by published opinion. Judge Michael wrote the opinion, in which Judge Agee and Judge Reidinger joined.

---

## COUNSEL

**ARGUED:** John Timothy Murray, Sr., MURRAY & MURRAY, Sandusky, Ohio, for Appellant. Darrel J. Hieber, SKADDEN, ARPS, SLATE, MEAGHER & FLOM, L.L.P., Los Angeles, California, for Appellees. **ON BRIEF:** Rebecca Cameron Blount, BLOUNT & BLOUNT, P.C., Greenville, North Carolina, for Appellant. Charles B. Neely, Jr., Nancy S. Rendleman, Robert W. Shaw, WILLIAMS MULLEN MAUPIN TAYLOR, Raleigh, North Carolina, for Appellees; Karen L. Valihura, Michael A. Barlow, SKADDEN, ARPS, SLATE, MEAGHER & FLOM, L.L.P., Wilmington, Delaware, for Appellees Priceline.com, Inc., Lowestfare.com, Inc., and Travelweb, L.L.C.; James P. Karen, Deborah S. Sloan, JONES DAY, Dallas, Texas, for Appellees Hotels.com, L.P., Hotels.com GP, L.L.C., Hotwire, Inc., Expedia, Incorporated, and TravelNow.com., Inc.; Paul E. Chronis, Elizabeth B. Herrington, MCDERMOTT WILL & EMERY, L.L.P., Chicago, Illinois, for Appellees Orbitz, Inc., Orbitz, L.L.C., Internetwork Publishing Corporation, d/b/a Lodging.com, Cheap Tickets, Inc., and Cendant Travel Distribution Services Group, Inc.; Brian S. Stagner, KELLY HART & HALLMAN, L.L.P., Fort Worth, Texas, for Appellee Travelocity.com, L.P.

**OPINION**

MICHAEL, Circuit Judge:

North Carolina's Pitt County (the County) appeals the dismissal of its putative class action brought against a number of online travel companies for failure to pay the County's hotel occupancy tax. The online companies purchase rooms from hotels in the County at wholesale rates, charge consumers marked-up rates, but remit no occupancy taxes to the County. The district court determined that the online companies were not subject to the County's occupancy tax and dismissed the action on the ground that the County lacked standing to sue.

North Carolina law permits Pitt County to collect, under its own ordinance, an occupancy tax from a business renting rooms in the county if the operator of the business comes within the definition of "retailer" under the state's sales tax statute, N.C. Gen. Stat. § 105-164.4(a)(3). "Operators of hotels, motels, tourist homes, tourist camps, and similar type businesses . . . are considered retailers" under the statute. *Id.* We conclude that an online travel company does not meet this statutory definition of a "retailer" because it is not a business that is of a type similar to a hotel, motel, tourist home, or tourist camp. We therefore agree with the district court that the County is not entitled to collect the occupancy tax. Although we conclude that the County has standing to sue, we affirm the district court's judgment of dismissal on the alternative ground that the County's complaint fails to state a claim.

I.

In December 2005 Pitt County filed a complaint in North Carolina state court alleging that the defendant online travel companies had failed to remit taxes to the County as required by its occupancy tax ordinance. The action was removed to the Eastern District of North Carolina. The County's complaint, in illustrating its claim, offers the following hypotheti-

cal: Hotels.com purchases a hotel room in Pitt County for a wholesale rate of $70.00 per night and re-lets the same room to a consumer at a retail rate of $100.00 per night. In this situation the hotel remits an occupancy tax to the County of 3 percent of the $70.00 per night wholesale rate it receives for the room. According to the complaint, the higher retail rate of $100.00 per night is nowhere taken into account in the calculation and remittance of the occupancy tax. Thus, Pitt County claims that it receives only 3 percent of $70.00, or $2.10, rather than 3 percent of $100.00, or $3.00, a shortfall of 90¢ on the hypothetical room rental.

The defendant online travel companies filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In their motion the online companies asserted that they do not owe room occupancy taxes because the scope of the County's occupancy tax is constrained by the North Carolina state sales tax, and the online companies are not subject to the state sales tax. The district court initially denied the online companies' motion to dismiss, reasoning in part that the relevant statutes were sufficiently broad to cover the transactions in question.

The online travel companies then filed a motion for reconsideration, again contending that they were not subject to the County's occupancy tax ordinance. At the hearing on the motion to reconsider, the district court, for the first time, expressed a concern about whether the County had standing to sue. The court observed that if, as an initial matter, the online companies are not subject to the County's occupancy tax ordinance, then the County has no entitlement to the tax and has suffered no injury in fact. The court, with the consent of the online companies, recharacterized their motion for reconsideration as one made under Rule 12(b)(1). The court subsequently dismissed Pitt County's action for lack of standing, and the County now appeals.

## II.

The issue before us is whether Pitt County is entitled to collect the occupancy tax on hotel rooms based on the rates charged by online travel companies when the rooms are re-let. We review *de novo* the district court's dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In reviewing the dismissal, we are "not limited to evaluation of the grounds offered by the district court to support its decision, but [we] may affirm on any grounds apparent from the record." *Suter v. United States*, 441 F.3d 306, 310 (4th Cir. 2006) (quoting *United States v. Smith*, 395 F.3d 516, 519 (4th Cir. 2005)).

### A.

The County's authority to tax room rental transactions within its borders is constrained by state statutory provisions as well as the language of the County's occupancy tax ordinance.

In 1987 the North Carolina General Assembly passed an enabling act that authorizes Pitt County to

> levy a room occupancy tax of three percent (3%) of the gross receipts derived from the rental of any room, lodging, or similar accommodation furnished by a hotel, motel, inn, or similar place within the county that is subject to sales tax imposed by the State under G.S. 105-164.4(3).*

---

*The numbering but not the text of the relevant portion of N.C. Gen. Stat. § 105-164.4 has been amended so that subsection 105-164.4(3) is now numbered 105-164.4(a)(3). The County does not contend that the state's failure to update the numbering in the enabling act renders the sales tax provision inapplicable to the County's ordinance. To minimize confusion, we will refer to the § 105-164.4(3) in the enabling act by its current numbering: § 105-164.4(a)(3).

1987 N.C. Sess. Laws 143. A tax levied pursuant to the enabling act is to be collected by the "operator of a business subject to the tax." *Id.*

Pitt County enacted an occupancy tax pursuant to the enabling act that essentially tracks the act's language. The County ordinance provides in relevant part that:

> There shall be levied a room occupancy tax in the amount of three (3) percent of the gross receipts derived from the rental in the county of any room, lodging, or similar accommodation subject to sales tax under G.S. 105-164.4(3), which shall be in addition to any state or local sales tax.

Pitt County Ord. § 8-50.

N.C. Gen. Stat. § 105-164.4, the sales tax provision referred to in Pitt County's ordinance, levies the state sales tax on "retailers" and defines the term in the context of the rental of rooms and lodging as follows:

> Operators of hotels, motels, tourist homes, tourist camps, and similar type businesses and persons who rent private residences and cottages to transients are considered retailers under this Article. A tax at the general rate of tax is levied on the gross receipts derived by these retailers from the rental of any rooms, lodgings, or accommodations furnished to transients for a consideration. . . .

N.C. Gen. Stat. § 105-164.4(a)(3) (2007).

The parties agree that the scope of the County's occupancy tax is limited to businesses that fit the definition of "retailers" in § 105-164.4(a)(3).

With the statutory context established, we turn first to the issue of standing raised by the district court.

## B.

In ruling on the motion for reconsideration, the district court analyzed the language of the sales tax statute and concluded that the term "retailer" as defined in N.C. Gen. Stat. § 105-164.4(a)(3) does not apply to the online travel companies. Based on this conclusion, the district court determined that Pitt County was not entitled to any revenue from the online companies under its ordinance and had consequently suffered no injury in fact. The court therefore decided that the County lacked standing to bring this action and dismissed it pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. We disagree with the district court's conclusion that it lacked jurisdiction.

The district court's analysis improperly conflated the threshold standing inquiry with the merits of the County's claim. "To satisfy the standing requirement of the case-or-controversy limitation on judicial authority found in Article III, Section 2 of the Constitution, the party invoking federal court jurisdiction must show that (1) it has suffered an injury in fact, (2) the injury is fairly traceable to the defendants' actions, and (3) it is likely, and not merely speculative, that the injury will be redressed by a favorable decision." *Long Term Care Partners, LLC v. United States*, 516 F.3d 225, 230-31 (4th Cir. 2008) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)); *see also Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 154 (4th Cir. 2000) (en banc). "With regard to the injury-in-fact prong of the standing test, [a plaintiff] need not prove the merits of [its] case in order to demonstrate that [it] ha[s] Article III standing." *Am. Library Ass'n v. FCC*, 401 F.3d 489, 493 (D.C. Cir. 2005). And a "district court has jurisdiction if 'the right of the [plaintiffs] to recover under their complaint will be sustained if the [applicable laws] are given one construction and will be defeated if they are given another' . . . ." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Bell v. Hood*, 327 U.S. 678, 685 (1946)).

Here, Pitt County alleges that it was injured by the failure of the online travel companies to remit occupancy taxes on the full rental rate of hotel rooms in the County. The County's right to recovery depends upon whether online travel companies are subject to the occupancy tax ordinance, a question of statutory construction. That the district court ultimately disagreed with the County regarding the applicability of the tax to online companies does not mean that the County failed to allege an injury in fact. To hold otherwise would reduce all merits inquiries in cases of this type into standing inquiries.

Our determination that the County has standing to bring this action countermands the district court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). It does not, however, end our inquiry. The defendant online companies urge affirmance on an alternative ground provided by Rule 12(b)(6): the County's complaint fails to state a claim upon which relief can be granted. We may affirm on this alternative ground if we conclude—as did the district court in its standing inquiry—that the County's occupancy tax does not reach the online companies. *See Suter v. United States*, 441 F.3d 306, 310 (4th Cir. 2006).

C.

The dispositive issue is whether the phrase "[o]perators of hotels, motels, tourist homes, tourist camps, and similar type businesses" in § 105-164.4(a)(3) in the North Carolina sales tax statute applies to online travel companies.

Online travel companies are not operators of the hotels whose rooms they offer to the public on the internet. *See* Webster's Third New International Dictionary 1580-81 (2002) (defining "operator" in the context of a business as "a person who actively operates a business (as a mine, a farm, or a store) whether as owner, lessor, or employee" and defining "operate" as "to manage and put or keep in operation whether with personal effort or not"). The online companies,

as the allegations in the County's complaint recognize, have no role in the day-to-day operation or management of the hotels. Thus, they cannot be said to operate the hotels.

The County contends, however, that online travel companies and hotels are "similar type businesses" because the online companies, like hotels, make a profit or gain from the rental of rooms. This argument for a functional view of online travel companies is based on the definition of "business" found in N.C. Gen. Stat. § 105-164.3. Under that provision the term "business" "[i]ncludes any activity engaged in by any person or caused to be engaged in by him with the object of gain, profit, benefit or advantage, either direct or indirect. . . ." N.C. Gen. Stat. § 105-164.3(1d) (2007). The County's argument does not withstand scrutiny.

We are guided here by the familiar *ejusdem generis* canon of statutory construction: "where general words follow a designation of particular subjects or things, the meaning of the general words will ordinarily be presumed to be, and construed as, restricted by the particular designations and as including only things of the same kind, character and nature as those specifically enumerated." *Smith v. Smith*, 331 S.E.2d 682, 686-87 (N.C. 1985) (quoting *State v. Lee*, 176 S.E.2d 772, 774 (N.C. 1970)).

In § 105-164.4(a)(3) the phrase "similar type businesses" is preceded by four specifically enumerated businesses: hotels, motels, tourist homes, and tourist camps. The specifically enumerated businesses in the statute, unlike online travel companies, all provide lodging to patrons on site. They are all physical establishments with rooms or other accommodations where guests can stay. A business that arranges for the rental of hotel rooms over the internet, but that does not physically provide the rooms, is not a business that is of a similar type to a hotel, motel, or tourist home or camp. Any different conclusion would be inconsistent with the canon of *ejusdem generis*.

The County also argues that rejecting a functional interpretation of "similar type businesses" in the statute would create an absurd result, opening a potential loophole. This argument relies on *City of Fairview Heights v. Orbitz, Inc.*, No. 05-CV-840 (S.D. Ill. July 12, 2006). In *Fairview Heights* the district court, faced with a similar arrangement of parties and a similar tax ordinance, cautioned against the "potentially gaping loophole" that would be permitted by the online travel companies' interpretation of the tax provision:

> a hotel operator could simply incorporate a shell entity or make some other similar arrangement, rent the hotel rooms to that entity for a nominal amount, and then re-rent the rooms to consumers, who would be taxed only on the nominal sum paid by the side entity to the operator.

*Id.*, slip op. at 13. Even if we assume that the court in *Fairview Heights* is correct about the viability of this loophole, its potential for mischief does not compel a broader interpretation of the "similar type businesses" language in the North Carolina sales tax statute.

Rather, "it seems to us preferable to accept the statute as written, leaving to [the legislature] the function of closing loopholes (if they exist) . . . ." *Penn Sec. Life Ins. Co. v. United States*, 524 F.2d 1155, 1163 (Ct. Cl. 1975), *aff'd sub nom. United States v. Consumer Life Ins. Co.*, 430 U.S. 725 (1977). The loophole identified in *Fairview Heights*, if indeed it is a real one, may simply indicate that the North Carolina General Assembly failed to consider the tax consequences of a situation where hotel rooms are rented first at wholesale and later re-let at retail rates to consumers. On the other hand, the statute's language may be the result of the legislature's deliberate choice to limit the application of the sales tax to the actual operators of hotels and similar type businesses. In either case, we may not expand the statute's reach beyond what its plain language will bear.

We therefore conclude that, under the plain meaning of § 105.164.4(a)(3), an online travel company is not a retailer because it is not a business of a type that is similar to a hotel, motel, or tourist home or camp. As a result, an online travel company is not subject to the Pitt County occupancy tax.

D.

Even if we were to decide that the phrase "similar type businesses" in § 105-164.4(a)(3) is ambiguous as to its applicability to online travel companies, the County would still not prevail. North Carolina has a well-established canon of statutory construction governing ambiguity in tax statutes: "Where the meaning of a tax statute is doubtful, it should be construed against the state and in favor of the taxpayer unless a contrary legislative intent appears." *Colonial Pipeline Co. v. Clayton*, 166 S.E.2d 671, 679 (N.C. 1969); *accord United States v. Merriam*, 263 U.S. 179, 188 (1923) ("If the words [of a tax statute] are doubtful, the doubt must be resolved against the Government and in favor of the taxpayer.").

The County argues that this canon is inapplicable here because even if the statute is ambiguous with respect to its application to online travel companies, the state legislature expressed a clear intent to tax the room rate paid by the consumer rather than the lower wholesale rate paid by the online company to the hotel that is subject to the sales tax. To demonstrate this "contrary legislative intent," the County directs us to a separate provision, N.C. Gen. Stat. § 105-164.26, entitled "Presumption that sales are taxable." Section 105-164.26 provides that "it shall be presumed that all gross receipts of wholesale merchants and retailers are subject to the retail sales tax until the contrary is established by proper records as required in this Article." N.C. Gen. Stat. § 105-164.26 (2007).

Contrary to the County's assertion, § 105-164.26 does nothing to overcome the canon for interpreting ambiguities in the tax laws. Section 105-164.26 creates a presumption that

all gross receipts of "wholesale merchants and *retailers*" are subject to the sales tax. However, the dispositive issue in the case is whether online travel companies are retailers in the first place under the definition in § 105-164.4(a)(3). If online travel companies were retailers, then they would be subject to the state sales tax and potentially subject to the County's occupancy tax. However, as we have concluded, online travel companies are *not* retailers (and therefore not subject to tax) under the plain language of § 105-164.4(a)(3), and § 105-164.26's "[p]resumption that sales are taxable" does nothing to change our conclusion.

## III.

In sum, we disagree with the district court's determination that it lacked jurisdiction to entertain Pitt County's claim in this case, but we affirm the court's dismissal of the complaint on the alternative ground that it fails to state a claim upon which relief can be granted.

*AFFIRMED*