[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10797
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 25, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-00477-WKW-WC

THE LORD ABBETT MUNICIPAL INCOME FUND, INC.,
a Maryland corporation,

                                                    Plaintiff-Appellant,

versus

JOHN M. TYSON, JR., in his official capacity as
Special Prosecutor and Commander of the Task
Force on Illegal Gambling of the Governor of Alabama,
GOVERNOR OF ALABAMA,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(January 25, 2012)

Before DUBINA, Chief Judge, COX, Circuit Judge, and HUNT,[*] District Judge.

PER CURIAM:

_____

[*]Honorable Willis B. Hunt, Jr., United States District Judge for the Northern District of Georgia, sitting by designation.

The Lord Abbett Municipal Income Fund, Inc. (the "Fund") owns bonds issued by The Cooperative District of Houston County Alabama-Country Crossing Project ("Cooperative District"). The Fund alleges that Alabama state officials[1] have interfered with the income stream it expected to receive from these bonds. By not affording the Fund a hearing to challenge this interference, the Fund claims a violation of its Fourteenth Amendment procedural due process rights. The district court dismissed the Fund's 42 U.S.C. § 1983 claim for injunctive relief. It ruled that the Fund's claim was not ripe. And, it questioned whether the Fund had Article III standing to assert its claim. We affirm the district court's dismissal, though on different grounds.

## I. BACKGROUND

The Cooperative District issued bonds to finance a mixed-use development project known as Country Crossing.[2] These bonds were to be paid, in part, by fees levied on electronic bingo machines operated at Country Crossing. After Country Crossing opened, these electronic bingo machines came to the attention of Alabama's

---

[1] The Fund filed suit against former Alabama Governor Robert Riley and Special Prosecutor and Commander of the Task Force on Illegal Gambling, John M. Tyson, Jr., in their official capacities. Under Fed. R. App. P. 43(c)(2) current Alabama Governor, Robert Bentley, was automatically substituted for Governor Riley at the end of Governor Riley's term. The Fund has moved to substitute current Alabama Attorney General Luther Strange for Tyson because Governor Bentley disbanded the Task Force on Illegal Gambling. We grant this motion to substitute.

[2] We relay the facts as they appear in the Fund's complaint.

Task Force on Illegal Gambling (the "Task Force"). John Tyson, the Task Force's Commander, threatened to seize the electronic bingo machines and planned a raid to take the machines because they violated Alabama's anti-gambling laws. In response, Country Crossing closed its doors to prevent seizure of the machines.

The Fund's complaint states that it has a property interest in the bonds and the revenue stream funding the bonds. It asserts that the Alabama state officials' interference with the operation of the bingo machines has deprived it of this property interest. Because the Fund has not been given an opportunity to challenge the state officials' interference with the machines, the Fund contends a procedural due process violation has occurred. The Complaint seeks injunctive relief under 42 U.S.C. § 1983 and requests a hearing to decide the legality of the electronic bingo machines under state law. The Defendants moved to dismiss this claim for lack of jurisdiction based on Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The district court granted the motion to dismiss on Rule 12(b)(1) grounds as an unripe claim.[3]

---

[3] The district court also dismissed two additional counts in the Fund's complaint. Count II sought injunctive relief to prevent interference with the operation of the bingo machines and Count III requested a judgment declaring that the machines could be legally operated. The district court dismissed Counts II and III as barred by the state's sovereign immunity under the Eleventh Amendment. The Fund does not challenge the dismissal of these counts on this appeal.

On appeal, the Fund presents three arguments in support of its position that the district court erred by dismissing its case. First, the Fund rejects the district court's ripeness analysis by arguing that the Supreme Court's decision in *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908), controls. Second, it argues that the district court erred in its standing analysis by overlooking the government coercion that forced Country Crossing to close. In the alternative, the Fund contends it should be granted leave to amend its complaint to allege why Country Crossing closed.

## II.  STANDARD OF REVIEW

"A district court's decision to grant a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is a question of law we review *de novo*." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1250 (11th Cir. 2007)). Like the district court, we construe the Defendants' attack on the court's jurisdiction as a facial one. "Accordingly, 'the court must consider the allegations in the plaintiff's complaint as true.'" *McElmurray*, 501 F.3d. at 1251 (quoting *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)). Similarly, the court reviews de novo a Rule 12(b)(6) dismissal for failure to state a claim and construes the factual allegations in the complaint in the light most favorable to the plaintiff.

4

*Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1303 (11th Cir. 2008) (citing *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006)).

## III.  DISCUSSION

The district court ruled that the Fund did not allege a claim ripe for federal adjudication.  It refused to hold that the state officials' threatened interference with the electronic bingo machines amounted to a deprivation of the Fund's property rights.  Therefore, the court ruled, "[a]t this stage, Defendants have done nothing to invoke the Fund's procedural due process rights."  (Dkt. 32 at 16.)  The Fund contends it can allege a ripe due process claim without waiting for the actual seizure of the bingo machines because the threatened seizure of the machines caused a reduction in its anticipated income from the bonds.  According to the Fund, these threats trigger a procedural due process obligation to provide the Fund a hearing on the legality of the electronic bingo equipment.  The Fund relies heavily on *Ex Parte Young* to support this claim.

In *Young*, the state attorney general of Minnesota challenged a court's decision to hold him in contempt.  209 U.S. at 126-27, 28 S. Ct. at 443.  He questioned the validity of the contempt order by arguing that the court lacked subject matter jurisdiction over the underlying controversy.  *Id.* at 143, 28 S. Ct. at 447.  In the underlying action, shareholders of a railroad company asserted that recently passed

5

state laws limiting the rates charged by railroads would deprive them of property in violation of the due process clause. *Id.* at 130, 28 S. Ct. at 444. The Court held that the alleged unconstitutionality of the state laws constituted a federal question giving the court jurisdiction over the case. *Id.* at 144-45, 28 S. Ct. at 447-48.

The Fund argues that like the shareholders in *Young*, it is a bondholder whose investment is threatened by state action on the activity intended to generate a return on its investment. It suggests that under *Young* the court has jurisdiction to hear the case even though Alabama officials have not seized the bingo machines. The Defendants contend this goes too far. They emphasize that *Young* addressed a party's right to challenge the validity of state statutes under federal constitutional law in federal court. It did not require, "States to give criminal suspects a preseizure hearing in circumstances like these." (Appellee Br. at 42.)

We agree with the Defendants that *Young* does not require the state to afford the Fund a hearing prior to any enforcement action against the bingo machines. Regardless of *Young*, we agree with the Fund that its Complaint alleges a ripe claim.[4]

---

[4] The district court's ripeness analysis focused on the fact that Alabama officials have never seized the electronic bingo machines at Country Crossing. Based on this fact, it concluded that the Defendants have not deprived the Fund of any property rights and that any procedural due process inquiry by the court would be speculative. Whether the Fund has alleged a ripe procedural due process violation is a complex question. And, a good argument can be made in support of the district court's conclusion on ripeness. After careful consideration, however, we conclude that the Fund's Complaint alleges a ripe § 1983 claim.

To the degree that the Fund's § 1983 claim alleges that the actions of state officials deprived

6

That does not end our inquiry, however. In the district court, the Defendants moved to dismiss the Fund's § 1983 claim for failure to state a claim and lack of jurisdiction. (Dkt. 13 at 8 & 10.) In the Fund's response to the Defendants' motion, it addressed both of these grounds for dismissal. (Dkt. 18 passim) While the district court did not reach the Defendants' 12(b)(6) motion for failure to state a claim, we may affirm the district court's dismissal on any ground found in the record. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1218 n.11 (11th Cir. 1999) (citing *Powers v. United States*, 996 F.2d 1121, 1123-24 (11th Cir. 1993)); *see also Pitt Cnty. v. Hotels.com, L.P.*, 553 F.3d 308, 315 (4th Cir. 2009) (disagreeing with district court's determination that plaintiff lacked standing but affirming dismissal of complaint on ground that it failed to state a claim upon which relief can be granted), *Gemtel Corp. v. Cmty. Redevelopment Agency of City of L.A.*, 23 F.3d 1542, 1546 (9th Cir. 1994) (affirming dismissal of action for failure to state a claim after rejecting district court's conclusion case should be dismissed on ripeness and mootness grounds). We affirm

---

it of its property interest in the income it expected to receive from the bonds, the Fund has been deprived of that income and the state affords the Fund no venue to redress that deprivation. If these facts alleged a cognizable due process violation, the claim would be ripe. Therefore ripeness is not the proper ground for dismissal of the Fund's § 1983 procedural due process claim.

The district court never definitively ruled whether the Fund had Article III standing. Construing the facts contained in the Fund's complaint as true and drawing reasonable inferences in its favor, we conclude the Fund has adequately pled Article III standing. The Complaint states an Article III injury, caused by the Defendants' conduct, that would be redressed if the Fund received the relief it seeks.

the district court's dismissal because the Complaint fails to state a claim upon which relief can be granted.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). We are not required to accept as true the Fund's legal conclusion that a Fourteenth Amendment violation occurred. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). In order to state a procedural due process claim under § 1983, the Fund had to allege a constitutionally inadequate process. *See Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) ("In this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of . . . constitutionally-inadequate process." (citing *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994))). Because the facts as pled in the Fund's Complaint do not allege a due process violation, the complaint fails to state a claim for which relief can be granted and should be dismissed.

*Ex parte Young* provides no refuge for the Fund. In *Young*, the Court found jurisdiction where a party challenged a state statute as unconstitutional even though the state had yet to enforce the statute. The Fund makes no similar charge regarding Alabama's laws in this case because a ban on electronic bingo machines does not

8

violate federal law. The Fund cites no case that interprets *Ex Parte Young* as entitling it to a preseizure hearing in circumstances like these. In fact, case law and common sense counsel against a due process requirement for a preseizure hearing under these circumstances.

The government's seizure of suspected contraband would grind to a halt if every entity that had an economic interest in the targeted property was owed a hearing before the government could lawfully seize the property. The due process clause is not to the contrary. While the due process clause ordinarily requires preseizure process, in *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S. Ct. 2080 (1974), the Supreme Court agreed "that seizure for purposes of forfeiture is one of those ' "extraordinary situations" that justify postponing notice and opportunity for a hearing.' " *Id.* at 677, 94 S. Ct. at 2088 (quoting *Fuentes v. Shevin*, 407 U.S. 67, 92 S. Ct. 1983, 1999 (1972)). Given that the Supreme Court did not afford the *owner* of property *actually* seized a preseizure hearing, we have no trouble concluding that the due process clause does not afford an entity without an ownership interest a hearing in the face of threatened seizure. Simply put, the due process clause does not require states to afford those who seek to profit from potentially criminal enterprises a hearing to establish the legality of the enterprise before state officers have begun

9

a prosecution or forfeiture action. Thus, the Fund has failed to state a claim for which relief should be granted.

We also reject the Fund's argument that the district court erred by dismissing its complaint without granting it leave to amend. The Fund's request for leave to amend appeared in its response to the Defendants' motion to dismiss. The Fund failed, however, to attach a copy of this proposed amendment or set forth its substance. Therefore, the district court did not err by denying the Fund's request. *See United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1362 (11th Cir. 2006) (citing *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999)).

## IV.  CONCLUSION

We deny the Defendants' pending motion to dismiss the appeal as moot in light of this opinion.[5] We grant the Fund's motion to substitute. We modify the judgment of the district court to declare that Count I of the Fund's Complaint is dismissed with prejudice under Rule 12(b)(6) and affirm the judgment as modified.

AFFIRMED.

---

[5] The Defendants' moved to dismiss the appeal as moot because Governor Bentley disbanded the Task Force.