**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-1424

DAVID ANTHONY WIGGINS,

Plaintiff – Appellant,

v.

11 KEW GARDEN COURT; CHARLES DONALD RAWLINGS; ALEXANDRA N. WILLIAMS, individually, and in her official Ministerial capacity as District Court Judge; MARSHA L. RUSSELL, individually, and in her official Ministerial capacity as District Court Judge; MICHAEL P. VACH, individually, and in his official capacity as Administrative Clerk; LARRY KING, a/k/a Sal Catalfamo; LANDLORD UTILITIES, LLC,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Benson Everett Legg, District Judge. (1:12-cv-00200-BEL)

Submitted:  August 10, 2012        Decided:  August 28, 2012

Before WYNN, DIAZ, and THACKER, Circuit Judges.

Affirmed as modified by unpublished per curiam opinion.

David Anthony Wiggins, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Anthony Wiggins appeals from the district court's order dismissing his complaint for lack of jurisdiction. Although we find that the district court had jurisdiction over certain of the causes of action in Wiggins' complaint, we may "affirm on any grounds apparent from the record," including the alternative ground that the complaint fails to state a claim upon which relief can be granted. Pitt County v. Hotels.com, L.P., 553 F.3d 308, 311 (4th Cir. 2009) (internal quotations omitted). Because we conclude that these causes of action were not sufficient to state a claim, we modify the district court's order as explained below and affirm as modified.

Wiggins' amended complaint raised numerous claims, including breach of contract and malicious prosecution against Charles Donald Rawlings and unconstitutional conspiracy against all Defendants. With regard to the unconstitutional conspiracy, Wiggins averred that the Defendants (including two state judges and a state court clerk) conspired to prevent him from obtaining title to a specific piece of real estate on the basis of his race, gender, ethnicity, and elective enfranchisement. Wiggins asserted that, during a state court case on the same issue, certain Defendants filed false and fraudulent suits and documents and the judiciary Defendants aided them by deciding the case without justification and failing to enforce a prior

2

contract. In his informal brief, Wiggins avers that jurisdiction is premised upon federal questions arising under 42 U.S.C. § 1983 (2006) and related statutes.

Section 1983 is a vehicle by which state actors may be held accountable for deprivations of established constitutional rights. Although § 1983 provides a remedy for violations of an individual's constitutional rights, it only does so when those violations occur as a result of state action. A person acts under color of state law when he has exercised power "possessed by virtue of state law and made possible only because [he] is clothed with the authority of state law." United States v. Classic, 313 U.S. 299, 326 (1941). A § 1983 claim cannot be premised on purely private conduct, no matter how unlawful that conduct may be. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999).

Thus, all claims alleged solely against the individual private defendants, including those for breach of contract and malicious prosecution, were properly dismissed for lack of jurisdiction as there was no state action involved. Wiggins provides no other basis for jurisdiction. Accordingly, we affirm the portion of the district court's order dismissing these claims.

However, the Supreme Court has held that "[p]rivate parties who corruptly conspire with a judge in connection with

3

[an official judicial act] are ... acting under color of state law within the meaning of § 1983." Dennis v. Sparks, 449 U.S. 24, 29 (1980). As such, Wiggins' claims that Defendants engaged in a conspiracy involving his state suit allege federal causes of action. Accordingly, the district court's conclusion that the amended complaint did not contain an arguable basis for jurisdiction was in error. 28 U.S.C. § 1331 (2006) (providing that district courts have jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States.").

While the court erroneously concluded that it lacked jurisdiction over Wiggins' entire complaint, we conclude that the allegations in Wiggins' complaint were insufficient to meet the requirements of pleading an unconstitutional conspiracy claim. To properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred. Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010), cert. denied, 131 U.S. 1798 (2011). Conclusory pleadings are not entitled to an assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, allegations that Defendants resorted to the courts and won are insufficient to show a joint action with the judiciary. Dennis, 449 U.S. at 28. Wiggins must plead an agreement between the state court judges and

4

employees and other Defendants, as "a bare assertion of conspiracy will not suffice." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 556 (2007).

We hold that Wiggins' allegations are inadequate to properly plead an agreement. Wiggins claims that the Defendants conspired together, but he fails to make any factual contentions concerning any actual conduct by any of the judiciary Defendants aside from entering orders and making legal decisions. Wiggins has not pleaded any facts that plausibly suggest a meeting of the minds between the private Defendants and the members of the judiciary. As such, Wiggins has failed to allege, except in general terms, sufficient factual allegations to create "plausible grounds to infer an agreement." <u>Id.</u> at 556.

Therefore, we modify the district court's order to show that the conspiracy claims were dismissed without prejudice for failure to state a claim and affirm the district court's order as modified. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED AS MODIFIED</u>

5