[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12974
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-22436-UU

NORMA SANCHEZ,

Plaintiff - Appellant,

versus

FEDERAL BUREAU OF PRISONS,
BUREAU OF PRISONS, DIRECTOR,
RAYMOND E. HOLT,
Regional Director of BOP for South East Region,
WARDEN, FCI MIAMI,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 17, 2012)

Before HULL, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Norma Sanchez appeals the dismissal with prejudice of her second amended complaint for failure to state a claim against the Federal Bureau of Prisons, its director, one of its regional directors, Raymond Holt, and the Warden of FCI Miami.  Fed. R. Civ. P. 12(b)(6).  We affirm.

Sanchez complained that the prison officials violated her right to due process by interfering with her ability to engage in her chosen profession as a legal assistant/paralegal who "work[s] with prisoners."  Sanchez alleged that she had legal visits with inmate Andres Campillo at correctional facilities throughout the United States for 17 years, but after the Bureau transferred Campillo to FCI Miami, the warden denied Sanchez's application to visit Campillo.  The warden denied Sanchez's application to visit Campillo "in order to maintain security and good order at the FCI."  Sanchez alleged that she "had been arbitrarily denied access to FCI Miami . . . without notice of the reasons for . . . or any opportunity" to challenge the decision; the decision could result in Sanchez being denied access to a state or federal correctional institution; and the decision had caused "damage to her professional reputation."  Sanchez also alleged that the "Rules, Regulations and Policy Statements of the [Bureau]" and her past right of visitation had created a "'justifiable expectation" and a "legal claim of entitlement" to visit Campillo.

We review de novo the dismissal of a complaint for failure to state a claim, and we construe the facts alleged in the light most favorable to the plaintiff.  Lord

2

Abbett Mun. Income Fund, Inc. v. Tyson, 671 F.3d 1203, 1206 (11th Cir. 2012).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 1207 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (citations omitted).

We agree with the district court that Sanchez's second amended complaint fails to state a claim for relief. Sanchez's complaint fails to allege a denial of due process with regard to a protected property interest because she has no right to visit an inmate. See Bd. of Regents v. Roth, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709 (1972). The regulations governing legal visits provide that, "[i]f necessary to maintain security or good order in the institution, the Warden may prohibit a legal assistant from visiting or corresponding with an inmate." 28 C.F.R. § 543.16(b)(3). The denial of Sanchez's application to visit Campillo did not violate her right to pursue her profession as a legal assistant/paralegal. Campillo remains free to pursue her career. See Conn v. Gabbert, 526 U.S. 286, 291–92, 119 S. Ct. 1292, 1295–96 (1999). Sanchez's allegation that the denial of her application to visit Campillo would thwart her ability to pursue her chosen

3

profession in the future is purely speculative.   See Doe v. Florida Bar, 630 F.3d 1336, 1344–45 (11th Cir. 2011).

We **AFFIRM** the dismissal of Sanchez's second amended complaint.