[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11411
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cv-62515-WPD

ERIC WATKINS,

Plaintiff-Appellant,

versus

SCOTT ISRAEL,
Broward County Sheriff,
BROWARD COUNTY MAIN JAIL,
JOSEPH CONTE JAIL FACILITY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 23, 2016)

Before TJOFLAT, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Eric Watkins, a Florida inmate proceeding *pro se*, appeals the district court's dismissal of his claims brought pursuant to 42 U.S.C. § 1983, alleging that Scott Israel, Broward County Main Jail, and Joseph Conte Jail Facility (collectively, "Defendants") violated his procedural due process rights.

On appeal, Watkins argues that the district court erred in dismissing his complaint that Defendants wrongfully took $64.45 from his inmate banking account and used the money to pay uniform and subsistence fees. He contends that his complaint clearly stated a violation of his Fourteenth Amendment due process rights and the district court based its dismissal on the magistrate judge's erroneous application of the factors set out in *Mathews v. Eldridge*[1].

We review *de novo* a district court's dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). Section 1915(e)(2)(B)(ii) provides that a district court shall at any time dismiss a case proceeding *in forma pauperis* if it determines that the action fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). We review a district court's dismissal under § 1915(e)(2)(B)(ii) using the same standards that govern Fed. R. Civ. P. 12(b)(6) dismissals. *Farese v. Scherer*, 342 F.3d 1223, 1230 (11th Cir. 2003).

---

[1] 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).

2

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). A claim is facially plausible when the complaint's factual content allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* While *pro se* complaints should be liberally construed, they still must allege factual allegations that raise a right to relief above the speculative level. *See Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014).

A plaintiff alleging a denial of procedural due process must prove three elements: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). Once the plaintiff alleges these first two elements – that he was deprived of a constitutionally-protected liberty or property interest via state action – we determine what process was due. *Id*. at 1232. If the plaintiff does not allege a constitutionally inadequate process, the complaint fails to state a claim and should be dismissed. *Lord Abbett Municipal Income Fund, Inc. v. Tyson*, 671 F.3d 1203, 1207 (11th Cir. 2012).

An inmate has a property interest in most money in his inmate account. Thus, jail policy which deprives an inmate of access to money in his account must

3

comport with the requirements of due process.  However, the Due Process Clause does not always require an opportunity to be heard before the government seizes property.  *Reams v. Irvin*, 561 F.3d 1258, 1263 (11th Cir. 2009).  Rather, due process requires "the opportunity to be heard at a meaningful time and in a meaningful manner."  *Mathews*, 424 U.S. at 333.  To determine whether a state action met due process requirements, we conduct a three-factor balancing test which considers: "(1) the private interest . . . affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  *Id*. at 335.  The challenged action meets due process requirements when the *Mathews* factors weigh in favor of the government.  *See City of Los Angeles v. David*, 538 U.S. 715, 717, 123 S. Ct. 1895, 1896, 155 L. Ed. 2d 946 (2003).

For the first *Mathews* factor, an inmate has only a limited property right in his inmate banking account.  *Cf. Givens v. Alabama Dep't. of Corrections*, 381 F.3d 1064, 1069 (11th Cir. 2004) (regarding an inmate's property right in the interest accrued on his prison banking account, "[The prisoner] has at most a limited property right in the principal . . . [He] is not free to receive the amounts

4

deposited in cash, make withdrawals whenever he wants, or spend money without the Department's approval.").  Small deductions from an inmate's account to cover the reasonable cost of housing him constitute only a minor incursion on his property rights.  The second *Mathews* factor weighs in favor of the government when the challenged procedure is unlikely to spawn significant factual errors.  *See Reams*, 561 F.2d at 1264.  The risk of erroneous deprivation is low when the challenged state action follows official standards and procedures.  *See id*.  The third *Mathews* factor considers the government's interests, including its fiscal and administrative burdens.  *United States v. Wattleton*, 296 F.3d 1184, 1200 (11th Cir. 2002).

When pre-deprivation hearings are not feasible, the state can satisfy due process by providing adequate post-deprivation remedies.  *Rittenhouse v. DeKalb County*, 764 F.2d 1451, 1456 (11th Cir. 1985).  A post-deprivation remedy is adequate when it is capable of fully compensating the deprived individual.  *McKinney v. Pate*, 20 F.3d 1550, 1564 (11th Cir. 1994).  The availability of full remedies through a post-deprivation process lessens the potential harm to the deprived individual.  *See Cryder v. Oxendine*, 24 F.3d 175, 178 (11th Cir. 1994).

Because the facts set out in Watkins's complaint indicate that the *Mathews* factors weigh in favor of the state, he has not alleged facts that would support a finding that the jail's policy violated his due process rights.  *See City of Los*

*Angeles*, 538 U.S. at 717-718, 123 S. Ct. at 1897-1898.  First, he alleged only a minimal incursion on a limited property interest.  *Cf. Givens*, 381 F.3d at 1069. Second, the jail policy is a ministerial matter which poses little risk of erroneous deprivation.  *See Reams*, 561 F.2d at 1264.  Third, the significant government interest in sharing incarceration costs with inmates would be undermined by requiring pre-deprivation hearings.  *See Wattleton*, 296 F.3d at 1200.  Finally, the jail policy satisfies due process because Watkins has access to – and has made use of – a post-deprivation grievance process and is entitled to full reimbursement if he is acquitted of his charges.  *See Rittenhouse*, 764 F.2d at 1456; *see also McKinney*, 20 F.3d at 1564.  He has therefore not alleged a constitutionally inadequate process, and the district court properly dismissed his complaint.  *See Lord Abbett*, 671 F.3d at 1207.  Accordingly, we affirm the district court's dismissal of Watkins's complaint.

**AFFIRMED.**