[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13917
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cr-00404-KOB-SGC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNEST LASHAWN STARKS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 28, 2020)

Before WILLIAM PRYOR, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Ernest Starks, a federal prisoner proceeding *pro se*, appeals the district court's order dismissing as moot his motion to disqualify both the Assistant United States Attorney who prosecuted his criminal case and the United States Attorney who was serving at the time.  The government responds that the district court lacked subject-matter jurisdiction because Starks's motion was, in effect, an impermissible successive motion under 28 U.S.C. § 2255.

The relevant background is this.  In 2012, Starks was convicted of carjacking and brandishing a firearm during and in relation to a crime of violence.  He appealed, and we affirmed the judgment.  Then, in 2014, he filed a motion seeking relief under § 2255, which the district court denied on the merits in 2017.  Starks did not appeal the denial of that motion.

Starks filed the present motion to disqualify in July 2019.  In the motion and a supporting memorandum, he argued that the federal prosecutors should be disqualified from his case because they "acted without lawful authority" or "proper appointment" and thereby committed "fraud upon the court."  He further contended that, because the prosecutors allegedly were not authorized to participate in the grand jury proceedings that resulted in the indictment against him, the indictment was illegally obtained and should be dismissed as "null and void."  The district court denied the motion as moot because the two prosecutors "are no longer employed by the United States Attorney and are no longer participants in this case."

We affirm the dismissal of Starks's motion to disqualify.  Starks's request to disqualify the two prosecutors from further involvement in his case is moot.[1]  Starks does not dispute that the prosecutors are no longer employed by the United States Attorney, and his criminal case is closed.  So no order disqualifying the prosecutors from further involvement in the case could have any effect.  Because the district court could not grant him any meaningful relief with respect to that request, that request is moot.  *See Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009) ("An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." (quotation marks omitted)).  Accordingly, the district court correctly dismissed that portion of his motion as moot.  *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) ("[D]ismissal is required because mootness is jurisdictional.").

We agree with Starks, however, that his other request—for relief from his convictions—is not moot.  But while it is not moot, the government is correct that the district court still lacked jurisdiction to consider that request because it was, in effect, an impermissible successive § 2255 motion.

Ordinarily, prisoners are limited to one § 2255 motion, which permits them to seek relief on "the ground that the sentence was imposed in violation of the

---

[1] Whether a case is moot is a question of law that we review *de novo.  CAMP Legal Defense Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1268 (11th Cir. 2006).

Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Any prisoner seeking to file a "second or successive" § 2255 motion must "first file an application with the appropriate court of appeals for an order authorizing the district court to consider it." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Without authorization from a court of appeals, the district court lacks jurisdiction to consider a successive motion. *Id.*

Prisoners cannot "circumvent the requirement that a successive habeas petition be precertified by the court of appeal" by avoiding the § 2255 label. *See Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005) (addressing a 28 U.S.C. § 2254 habeas petition). When a prisoner files a post-judgment motion that either seeks to add a new ground for relief from his convictions or attacks the federal court's previous resolution of a § 2255 claim on the merits, the district court is required to treat the motion as a successive § 2255 motion. *See id.*

Here, in seeking to invalidate his convictions on the basis of fraud or misconduct by the prosecutors in his criminal case, Starks's motion to disqualify raised a claim falling within the scope of § 2255. *See* 28 U.S.C. § 2255(a). Although Starks did not label his motion to disqualify as a § 2255 motion, we are required to

4

look behind the label and construe it as one because it raised a new ground for relief from his underlying convictions. *See Gonzalez*, 545 U.S. at 531–32.

Because Starks previously filed a § 2255 motion that was denied on the merits in 2017, he was required to obtain our authorization before filing another such motion in the district court. *See Farris*, 333 F.3d at 1216. He did not do so, however, so the court should have dismissed the portion of his motion seeking to invalidate his convictions as an impermissible successive § 2255 motion. *See id.* Although the court did not take this action, "we may affirm the district court's dismissal on any ground found in the record." *Lord Abbett Mun. Income Fund, Inc. v. Tyson*, 671 F.3d 1203, 1207 (11th Cir. 2012).

For these reasons, we affirm the dismissal of Starks's motion to disqualify.

**AFFIRMED.**