[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12158
Non-Argument Calendar

_____

D.C. Docket No. 0:14-cv-60380-UU

ERIC WATKINS,

Plaintiff-Appellant,

versus

JESSIE ELMORE,
JOSEPH LAGRASTA,
City of Lauderhill Police Officers,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 8, 2015)

Before WILLIAM PRYOR, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Eric Watkins appeals *pro se* the dismissal of his amended complaint against Officers Jessie Elmore and Joseph Lagrasta of the City of Lauderhill Police Department. Watkins complained that the officers interfered with his "liberty interest right . . . to use . . . property open to [and being used by] the public" in violation of his right to due process under the Fifth Amendment and in violation of his right to equal protection under the Fourteenth Amendment. 42 U.S.C. § 1983. The district court dismissed the complaint for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). We affirm.

Watkins alleged that he parked his vehicle on private property that was used frequently by "many people in all kinds of vehicles," and that Elmore and Lagrasta ordered him to move his vehicle because he was on property owned by the city. The officers stated that they were "getting a lot of complaints about" Watkins and that they would call a tow truck if Watkins did not remove his broken down vehicle. When Watkins asserted that he was homeless and waiting for a friend to bring him auto parts, Lagrasta identified a place for Watkins to call for assistance. Because Watkins failed to leave, Lagrasta issued Watkins a citation for trespassing and had his vehicle towed to a public lot. A few days later, Watkins visited the police department, where he was told that "he was not trespassed from being in or returning to the property" and that the property was owned by a bank.

2

The district court correctly dismissed Watkins's complaint. Watkins failed to state that the officers deprived him of a constitutionally protected interest in liberty or property without notice or an opportunity to be heard. *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011). Watkins did not have a legitimate interest in parking his vehicle on private property, and the officers explained to him that he was trespassing and gave him an opportunity to leave. Watkins also failed to state that the officers treated him differently than others similarly situated because of his membership in a protected class. *See Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001). Unlike others, Watkins had been generating "a lot of complaints," and Watkins was not a member of a protected class. *See Joel v. City of Orlando*, 232 F.3d 1353, 1358 (11th Cir. 2000) ("Homeless persons are not a suspect class."). Watkins argues that the officers denied him the equal protection of law based on a "class of one" theory, but the officers had a rational basis for their actions. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1202 (11th Cir. 2007).

We **AFFIRM** the dismissal of Watkins's complaint.