[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10773
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cv-60110-BB


ERIC WATKINS,

Plaintiff-Appellant,

versus

CITY OF LAUDERHILL POLICE
OFFICERS JESSIE ELMORE AND
JOSEPH LAGRASTA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 7, 2018)

Before MARTIN, BRANCH and FAY, Circuit Judges.

PER CURIAM:

Eric Watkins, proceeding pro se, appeals the dismissal of his 42 U.S.C.

§ 1983 action against Officers Jessie Elmore and Joseph Lagrasta of the City of

Lauderhill police department.[1]  Watkins argues the district court erred in

dismissing his complaint because it incorrectly applied the law-of-the-case doctrine

to bar his claims.  Watkins also argues that the district court abused its discretion

by incorrectly applying the rule against claim-splitting when it denied his motion

for reconsideration.

Watkins is correct that the district court erred when it applied the law-of-the-

case doctrine to dismiss his complaint as well as when it applied the rule against

claim-splitting to reject his motion for reconsideration.  But because this Court can

affirm for any reason supported by the record, and this record shows that

Watkins's claims are precluded, we affirm.

I.

Before the events that gave rise to this action, Watkins lived in his car in a

parking lot in Broward County, Florida.  For more than a year and half, the parking

lot, which was associated with a former Kmart store, had been used by the public.

For instance, the lot was used as a driving school and some drivers used it as a

shortcut between Highway 441 and Sunrise Boulevard.  Long-haul truck drivers

---

[1] The caption of the district court's orders includes the "City of Lauderhill Police" as a separate defendant.  Watkins asserted claims against "City of Lauderhill Police Officers Elmore and Lagrasta" as the only two defendants in this case.  We therefore correct the caption to reflect the allegations in the complaint.

2

and homeless people alike would park in the lot and sleep in their vehicles. There was no fence around the property and no posted "no trespassing" signs or other indications that the public was not welcome.

On the morning of January 22, 2014, Officers Jessie Elmore and Joseph Lagrasta approached Watkins's car and asked to see his license. They told him the property belonged to the City of Lauderhill and they were there to remove him from it. They claimed to have received complaints about Watkins, but they would not tell him what the complaints were about. They asked if his car worked, and he informed them that it had broken down and he was waiting for a friend to bring him parts for a repair. The officers then ordered Watkins to leave the property or else they would arrest him for trespassing and have his car towed.

Watkins informed the officers that they were mistaken about the City owning the property. He explained the lot was actually privately owned, and he showed the officers two realtor signs posted there. He also told them he had previously called the phone number on the signs and confirmed the property belonged to a bank. Unmoved, the officers insisted the property belonged to the City. Watkins argued with the officers, telling them their threat to arrest him was unlawful because they did not have a trespass affidavit on file from the property's actual, private owner. Watkins told the officers the owner had never asked him to leave the property.

At this point, the officers called a towing company to tow Watkins's car off the lot. They also told him they were leaving but would be back to make sure he was gone. If he was still there, they would arrest him for trespass. Then they left.

Watkins was embarrassed and humiliated by the actions of the officers. By the end of the encounter, many of the people parked at the lot got out of their cars and were watching. And many construction workers in the adjacent lot were watching too. In his words, he "felt less than the other patrons of the property." To add injury to insult, the towing company arrived, and Watkins had to pay them $75.00 for his car to be towed from the lot. It appears Watkins then left the property, as he does not allege that the officers returned or that he was arrested.

About three weeks later, Watkins filed a complaint against Officers Elmore and Lagrasta in the United States District Court for the Southern District of Florida. His complaint included claims for the violation of a liberty interest protected by the Due Process Clause and the violation of his right to equal protection. The district court sua sponte dismissed his complaint, saying it failed to state a claim for the violation of his due process or equal protection rights. Watkins appealed, and this Court affirmed. See Watkins v. Elmore, 589 F. App'x 524, 525 (11th Cir. 2015) (per curiam) (unpublished).

Three years after this Court's decision, Watkins filed this action with a new complaint. This complaint alleges three causes of action. First, Watkins asserts

4

the officers' actions violated his liberty interest protected by Florida trespass law. Second, he says the officers violated the Fourth Amendment when they stopped him without reasonable suspicion that he was trespassing. Third, he says the officers violated his liberty interest in being on property open to the public generally.

Watkins sought to proceed in the district court in forma pauperis ("IFP"). The district court therefore screened his complaint as required by 28 U.S.C. § 1915(e)(2). The court found that Watkins's complaint "attempts to raise the same due process claims against the same defendants for the exact same incident" as the 2014 case. For this reason, the court concluded his complaint was barred by the law-of-the-case doctrine and sua sponte dismissed it. The dismissal was entered the same day Watkins filed his complaint.

Watkins moved for reconsideration, arguing that the law-of-the-case doctrine did not apply because the Eleventh Circuit's decision in the 2014 case did not address his new theory of a protected liberty interest under Florida trespass law or his new Fourth Amendment claim. The court denied his motion, citing the rule against claim-splitting. See Vanover v. NCO Fin. Servs., Inc., 857 F.3d 833, 841 (11th Cir. 2017).

This appeal followed.

5

II.

When a plaintiff proceeds IFP, the district court must dismiss the case if it determines the action fails to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii). A district court's sua sponte dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) is reviewed de novo, accepting the allegations in the complaint as true. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir.1997). We also review district courts' rulings on law of the case de novo. Transamerica Leasing, Inc. v. Inst. of London Underwriters, 430 F.3d 1326, 1331 (11th Cir. 2005).

Watkins argues the district court erred when it found his complaint to be barred by the law-of-the-case doctrine. "The purpose of the law of the case doctrine is to establish efficiency, finality, and obedience within the judicial system." Luckey v. Miller, 929 F.2d 618, 621 (11th Cir. 1991). Under the law-of-the-case doctrine, "findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." Heathcoat v. Potts, 905 F.2d 367, 370 (11th Cir. 1990) (per curiam) (quotation omitted).

In many ways the law-of-the-case doctrine resembles claim preclusion, also known as res judicata. Yet they are formally different doctrines with different purposes. Two of those differences are relevant here. First, "law of the case bars only those legal issues that were actually, or by necessary implication, decided in

6

the former proceeding, while claim preclusion bars relitigation not only of claims raised but also claims that could have been raised." In re Justice Oaks II, Ltd., 898 F.2d 1544, 1549 n.3 (11th Cir. 1990). Second, and even more fundamentally, law of the case "applies only to proceedings within the same case" while claim preclusion "applies to proceedings in different cases." Id.

Watkins's 2014 complaint and the complaint for this case are quite similar. But they are different cases, and that matters for the law-of-the-case doctrine. See id. The district court therefore erred by applying the law-of-the-case doctrine to bar Watkins's complaint.

However, we may affirm the district court on any ground supported by the record. Lord Abbett Mun. Income Fund, Inc. v. Tyson, 671 F.3d 1203, 1207 (11th Cir. 2012) (per curiam). The district court seemed to intend to invoke claim preclusion. Under this doctrine, "a final judgment bars a subsequent lawsuit re-litigating matters that were litigated or could have been litigated in the earlier suit." Hughes v. Lott, 350 F.3d 1157, 1161 (11th Cir. 2003). Claim preclusion "will bar a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003) (quotation omitted).

Watkins's complaint, although containing new constitutional claims, arose from the same set of facts at issue in his 2014 complaint.  Both complaints concerned the actions of Officers Jessie Elmore and Joseph Lagrasta on January 22, 2014.  Those officers were defendants in both actions.  Further, the dismissal of Watkins's complaint was a final judgment on the merits.  See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3, 101 S. Ct. 2424, 2428 n.3 (1981).  And unlike the law-of-the-case doctrine, claim preclusion bars new claims that could have been brought in the first action, like Watkins's new liberty interest theory and his Fourth Amendment claim.  This record therefore shows that Watkins's claims are precluded.[2]

**AFFIRMED.**

---

[2] Because we affirm on different grounds than the district court, we have no need to address the denial of Watkins's motion for reconsideration.  However, we note that Watkins's motion was correct in its analysis of the law-of-the-case doctrine.  Beyond that, the district court incorrectly relied on the rule against claim-splitting in its order denying his reconsideration motion.  "The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit.  By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste scarce judicial resources and undermine the efficient and comprehensive disposition of cases."  Vanover, 857 F.3d at 841 (quotations omitted).  But this rule applies only "where a second suit has been filed before the first suit has reached a final judgment."  Id. at 840 n.3 (quotations omitted).  The rule against claim-splitting therefore had no application to this case.

8