[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 18-13184
Non-Argument Calendar

————————————————

D.C. Docket No. 0:18-cv-61330-BB

ERIC WATKINS,

Plaintiff-Appellant,

versus

OFFICER A. JOY,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(August 1, 2019)

Before JORDAN, BRANCH and JULIE CARNES, Circuit Judges.

PER CURIAM:

Eric Watkins, proceeding pro se, appeals the district court's denial of his

motion for leave to proceed *in forma pauperis* and sua sponte dismissal of his 42

U.S.C. § 1983 civil rights action.  Mr. Watkins alleged Fourteenth Amendment Due Process and Fourth Amendment violations by Officer A. Joy, in her individual capacity, when she ordered him to vacate a private parking lot.  Because Mr. Watkins did not state a valid Due Process claim, we affirm in that regard.  Although the district court may have erred in failing to address Mr. Watkin's Fourth Amendment claim, the potential error was harmless because the facts alleged in Mr. Watkin's complaint do not amount to a search or seizure under the Fourth Amendment.

## I

On June 16, 2014, Mr. Watkins was in a parking lot adjacent to a shopping center.  Officer Joy and two other officers from the Broward County Sheriff's Office ("BSO") arrived, advised him that he was trespassing, and instructed him to leave.  Mr. Watkins told the officers they did not have authority to order him to leave because there were no "No Trespassing" signs or signs indicating that the BSO had authority to issue trespass warnings on the property.  The officers threatened to arrest him if he did not leave, and Mr. Watkins left.

Mr. Watkins filed suit, arguing that Florida's trespass statute grants Florida citizens a due process right to not be ordered to leave property by law enforcement officers who have no authority to do so, and that the Eleventh Circuit has recognized a liberty interest to be on property open to the public.  He also raised a Fourth Amendment claim, asserting that Officer Joy and the other officers had stopped or

2

detained him without reasonable suspicion and unreasonably seized him without probable cause.

Mr. Watkins moved for leave to proceed *in forma pauperis*, which the district court denied, stating without elaboration that the complaint failed to allege a plausible due process claim.  The district court noted in its written order a 2015 lawsuit that Mr. Watkins had filed against City of Lauderhill police officers raising procedural due process and equal protection claims, which also proved unsuccessful. *See Watkins v. Elmore*, 589 F. App'x 524 (11th Cir. 2015).  The district court did not address Mr. Watkins' Fourth Amendment claim.

Mr. Watkins appeals, arguing that the district court erred in dismissing his case "on the grounds that [he] was raising the same due process claims he allegedly raised in a previous complaint . . . ."  and for failing to consider his Fourth Amendment claim.

## II

We review the sua sponte dismissal of a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo, accepting the allegations in the complaint as true.  *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).  A district court is obligated to dismiss an *in forma pauperis* complaint if it determines that the action "fails to state a claim on which relief may be granted." § 1915(e)(2)(B)(ii).  "Dismissal under § 1915(e)(2)(B)(ii) is governed by the same

3

standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017).  Thus, to survive dismissal, a complaint must contain facts sufficient to support a plausible claim to relief.  *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III

Mr. Watkins' framing of the first issue on appeal suggests that the district court gave preclusive effect to his previous lawsuit.  That is incorrect.  The district court discussed the previous lawsuit and suggested that this case "raises the same due process claims for a similar incident," but it expressly dismissed this action for "fail[ure] to allege that Officer Joy deprived [Mr. Watkins] of a constitutionally protected interest in liberty or property."  Mr. Watkins imprecisely formulated and argued the first issue, but, construing his brief liberally, it is sufficient to appeal that determination.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

Mr. Watkins' two lawsuits are factually and legally distinct.  In *Watkins v. Elmore*, officers ordered Mr. Watkins to remove his broken-down vehicle from a city-owned property and, when he failed to comply, towed the vehicle to a public lot.  A panel of this court affirmed the dismissal of Mr. Watkins' procedural due process and equal protection claims.  *See Watkins*, 589 F. App'x at 525.

In this case, Mr. Watkins contends that Florida's trespass statute, Fla. Stat. § 810.08, confers on Florida citizens a due process right to not be ordered or warned to leave private property by officers who are not authorized to do so.  We find no support in Eleventh Circuit or Florida precedent for the recognition of a substantive due process right on this basis, and Mr. Watkins points us to none.  Indeed, the Supreme Court has repeatedly expressed its "reluctance to expand the doctrine of substantive due process." *Chavez v. Martinez,* 538 U.S. 760, 775 (2003).

Had Mr. Watkins been arrested and charged with trespassing, and had the BSO officers indeed had no authority under those circumstances to enforce the trespassing statute against him, it is possible the state would not have been able to prove a prima facie case against him.  *See, e.g., I.M. v. State*, 95 So. 3d 918, 920 (Fla. 2d DCA 2012).  But that is not what happened, and Mr. Watkins was able to vacate the property without further incident.  We decline to infer a substantive due process right to remain on private property from Florida's trespassing statute.  Thus, Mr. Watkins' first claim fails.

## IV

The district court may have erred in failing to address Mr. Watkin's Fourth Amendment claim in its order.  Nevertheless, this potential error was harmless because we conclude that Mr. Watkins has not stated a plausible claim for relief under the Fourth Amendment.  *See Grant v. Seminole Cty., Fla.*, 817 F.2d 731, 732

(11th Cir. 1987) ("[T]he failure of a lower court to give reasons for its disposition of an action . . . does not necessarily preclude affirmance . . . .").

The Fourth Amendment guarantees the right to be free from unreasonable searches and seizures. *See* U.S. Const. amend. IV.  A "seizure" occurs "when the officer, by means of physical force or show of authority, terminates or restrains [a person's] freedom of movement, through means intentionally applied." *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th Cir. 2012) (alteration in original and quotations omitted).  We ask whether, "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Id.*  (quotation marks omitted).  A seizure violates the Fourth Amendment when it is unsupported by probable cause—"fact and circumstances within the officer['s] knowledge [that] would cause a prudent person to believe . . . that the suspect has committed, is committing, or is about to commit an offense." *Jordan v. Mosley*, 487 F.3d 1350, 1355 (11th Cir. 2007) (quotation marks omitted).  But there is no violation when an officer conducts a brief, investigatory stop supported by reasonable, articulable suspicion that criminal activity is afoot. *See Terry v. Ohio*, 392 U.S. 1, 21 (1968).  Even when an officer has no reasonable suspicion, she may approach and speak with citizens, as "[t]here is nothing in the Constitution which prevents a policeman from addressing questions

6

to anyone on the streets." *United States v. Franklin*, 323 F.3d 1298, 1301 (11th Cir. 2003) (quotation marks omitted).

We accept the allegations in the complaint as true. *See Alba*, 517 F.3d at 1252. Mr. Watkins alleged that the private property he was occupying lacked a "No Trespassing" sign or a notice that the BSO had authority to issue trespass warnings. He also alleged that "the owners of the private property did not call BSO [or] accompany the Defendant [or] order [Mr. Watkins] to leave." Nevertheless, Officer Joy and another officer approached Mr. Watkins and instructed him to leave. If he did not, they warned him, he would be arrested. "To avoid arrest[, Mr. Watkins] left the property."

Because Mr. Watkins was never "seized," by Officer Joy or anyone else, he has not alleged a plausible claim under the Fourth Amendment. At no point was Mr. Watkins' movement restricted, and he was free to leave. *See Chandler*, 695 F.3d at 1199. *See also California v. Hodari D.*, 499 U.S. 621, 626, 629 (1991) (holding that a seizure requires an application of physical force or some show of authority to which the subject yields). Accordingly, Mr. Watkins' second claim also fails.

## V

For the foregoing reasons, we affirm the district court's order of dismissal.

**AFFIRMED.**

7