[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11556
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cv-61055-WPD

ERIC WATKINS,

Plaintiff-Appellant,

versus

OFFICER A. WILLSON,
ANDREW SMALLING,
OTHERS UNKNOWN,

Defendants,

CONSTANCE STANLEY, Chief of Police,
LAUDERHILL POLICE DEPT.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 2, 2020)

Before MARTIN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Eric Watkins, pro se, appeals the district court's dismissal of his civil rights complaint for failure to state a claim. We affirm.

I.

Watkins filed a complaint pursuant to 42 U.S.C. § 1983 against deceased police officer Adam Willson, the Lauderhill Police Department ("the Department"), former Chief of Police Andrew Smalling, and Chief of Police Constance Stanley. He alleged that Willson violated his Fourteenth Amendment due process and Fourth Amendment rights by ordering him to leave a privately owned parking lot and threatening to arrest him for trespassing if he did not. He contended that he was not trespassing within the meaning of the Florida trespass statute because the parking lot was not fenced or posted and he had not been warned to leave by the owner of the property or someone with authority to speak for the owner. He alleged that the Department and the current and former police chiefs were liable for Willson's constitutional violations because they had a policy or custom of failing to train police officers regarding the proper enforcement of the Florida trespass statute, as evidenced by similar encounters between Watkins and other Lauderhill police officers in prior years.

2

The district court found that Watkins had failed to state a claim for supervisor liability based on a police department custom, policy, or practice because, as this Court has previously held, the actions of the Lauderhill police officers in ordering Watkins to leave someone else's private property did not violate Watkins's constitutional rights.[1]  The district court also found that Watkins could not maintain a claim against a deceased defendant (Willson), and it therefore dismissed Watkins's complaint with prejudice in its entirety.  Watkins now appeals.

## II.

We review the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim de novo, accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  And to state a plausible claim for relief, the plaintiff must plead "factual content that allows the

---

[1] *See Watkins v. Elmore*, 589 F. App'x 524 (11th Cir. 2015) (unpublished); *see also Watkins v. Ramcharan*, 775 F. App'x 671 (11th Cir. 2019) (unpublished); *Watkins v. Joy*, 782 F. App'x 892 (11th Cir. 2019) (unpublished); *Watkins v. Miller*, 782 F. App'x 770 (11th Cir. 2019) (unpublished).

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or federal law. 42 U.S.C. § 1983; *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). We address each of Watkins's constitutional claims in turn.[2]

## A.

The Fourteenth Amendment provides that no state may deprive any person of life, liberty, or property without due process of law. U.S. Const. amend. XIV. Watkins cites our decision in *Catron v. City of St. Petersburg*, 658 F.3d 1260 (11th Cir. 2011), for the proposition that he had a liberty interest in remaining in the privately owned parking lot. In *Catron*, we held that the plaintiffs had a liberty interest in remaining on *public* property, including city parks and sidewalks that

---

[2] The district court correctly dismissed Watkins's claims against Willson several months after Watkins received notice of Willson's death. Rule 25 of the Federal Rules of Civil Procedure provides that if a motion for substitution of a deceased party is not made with 90 days after service of a statement noting the death, "the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). Nonetheless, because Watkins's claims against the Department and police chiefs depend on the viability of his claims that Willson violated his constitutional rights, we consider those claims as a preliminary matter.

were open to the public.  658 F.3d at 1266.  In contrast, Watkins specifically alleged that the parking lot where Willson issued him a trespass warning was *private* property, and was *not* owned by the city or the county parks department. Watkins did not have a constitutionally protected liberty interest in remaining on private property, so Willson did not violate Watkins's due process rights by issuing him a trespass warning and telling him to leave.

Further, Watkins's argument that Florida trespass law gave him a due process right to remain on the property until warned to leave by the owner or someone authorized by the owner to issue such warning (which, according to Watkins, Willson was not) is unfounded.  Section 810.08 of the Florida Statutes provides that a person who was permitted to enter a structure or conveyance but is subsequently "warned by the owner or lessee of the premises, or by a person authorized by the owner or lessee, to depart and refuses to do so, commits the offense of trespass in a structure or conveyance."  Fla. Stat. § 810.08(1).  But Watkins's encounter with Willson occurred in a privately owned parking lot, not in a structure or conveyance.  *See R.C.W. v. State*, 507 So. 2d 700, 702 (Fla. Dist. Ct. App. 1987) (mall parking lot was not a structure or conveyance covered by § 810.08(1)).  A trespass warning by an owner or authorized person is not required for a trespass in a parking lot.  *Id.*; *see* Fla. Stat. § 810.09(1)(a)(1).  The statute governing trespass on property other than a structure or conveyance states that a

5

trespass warning may be conveyed by "actual communication to the offender," which is exactly what Willson provided. Fla. Stat. § 810.09(1)(a)(1).

## B.

The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. Const. amend. IV; *see Terry v. Ohio*, 392 U.S. 1, 8–9 (1968). "A person is seized by the police and thus entitled to challenge the government's action under the Fourth Amendment when the officer, by means of physical force or show of authority, terminates or restrains his freedom of movement through means intentionally applied." *Brendlin v. California*, 551 U.S. 249, 254 (2007) (emphasis omitted) (citations and quotation marks omitted). The Fourth Amendment allows police to conduct a brief investigatory stop, however, "when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). And even when an officer has no reasonable suspicion, he may approach and speak with citizens, because "[t]here is nothing in the Constitution which prevents a policeman from addressing questions to anyone on the streets." *United States v. Franklin*, 323 F.3d 1298, 1301 (11th Cir. 2003) (citation omitted); *see Florida v. Royer*, 460 U.S. 491, 497 (1983).

Here, Watkins did not state a plausible claim that Willson violated his Fourth Amendment rights because Willson did not arrest him, detain him, or restrain his movement. Instead, Willson gave Watkins notice to leave the

6

premises, as required by Florida trespass law, and Watkins left without further incident.

## IV.

A municipal actor may be held liable under § 1983 only if it causes the alleged constitutional violation through the implementation of an official policy or an unofficial but pervasive and well-settled custom or practice. *See City of Canton v. Harris*, 489 U.S. 378, 385, 388–89 (1989); *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91 (1978). Similarly, to state a claim for supervisory liability under § 1983, a plaintiff must allege facts showing that the supervisor was either personally involved in the alleged constitutional violation, or that the supervisor's actions caused the violation—for example, where "a history of widespread abuse" gave the supervisor notice of the need to correct the behavior of her subordinates and she failed to do so. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Id.*

A municipality may be held liable for the failure to provide adequate training to its police officers if the deficiency evidences a deliberate indifference to the rights of its citizens. *City of Canton*, 489 U.S. at 388. To proceed under a failure-to-train theory, a plaintiff ordinarily must show a "pattern of similar

constitutional violations by untrained employees" because "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

As explained above, Watkins failed to allege facts sufficient to demonstrate that he suffered any violation of his constitutional rights—Willson enforcing state trespass law by warning Watkins to leave someone else's private property did not implicate Watkins's liberty interests or his Fourth Amendment rights. And because Watkins failed to make a plausible claim that Willson had violated his constitutional rights, he cannot show that a policy or custom of the Department caused a constitutional violation. Nor can he show a "pattern of similar constitutional violations by untrained employees" or "a history of widespread abuse" based on trespass warnings issued under similar circumstances by other police officers, as required to proceed on his claim that the Department and police chiefs caused the alleged constitutional violation by failing to provide adequate training. *Id.*; *Brown*, 906 F.2d at 671. Accordingly, Watkins's claims against the Department and the police chiefs necessarily also fail.

## V.

We conclude that the district court did not err in granting the defendants' motion to dismiss because Watkins's complaint, liberally construed, failed to

8

allege facts that would support a plausible claim that he was entitled to relief. Moreover, because an amendment would have been futile, the district court was under no obligation to provide another opportunity to amend—Watkins had already been given leave to amend twice—before dismissing the complaint with prejudice.  *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015).  We therefore affirm.

**AFFIRMED.**